UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEREMY MOSELY #281663,

        Plaintiff,

                                File No. 2:08-CV-17

v.

                                HON. ROBERT HOLMES BELL

DAVID BERGH, et. al,

        Defendants.
                               /

**MEMORANDUM OPINION AND ORDER**
**<u>ADOPTING THE REPORT AND RECOMMENDATION</u>**

On April 10, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Plaintiff Jeremy Mosely's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim. (Dkt. No. 3.) Plaintiff filed an amended complaint on April 14, 2008 (Dkt. No. 4), and objections to the R&R on April 18, 2008 (Dkt. No. 5). Plaintiff subsequently filed motions to dismiss the action without prejudice, and a motion to strike his motions to dismiss. (Dkt. Nos. 7, 8, and 9.) For the reasons that follow, Plaintiff's amended complaint is rejected, Plaintiff's objections are denied, and the R&R is adopted as the opinion of the Court.

This Court is required to make a *de novo* review of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate

Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

First, the Court must disregard Plaintiff's amended complaint. The Court does not have discretion to allow prisoners filing suit *in forma pauperis* to amend their complaint to avoid *sua sponte* dismissal by the court pursuant to 28 U.S.C. § 1915(e). *Shorter v. Campbell*, No. 02-3812, 59 F. App'x 673, 675 (6th Cir. Feb. 20, 2003) (unpublished) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal."); *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir.2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir.1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997).

Plaintiff objects to the R&R, first, by claiming that Defendant Sebaly egregiously abused his authority by retaliating against Plaintiff in denying him meals for a day. Plaintiff asserts that this is a substantive due process violation. However, the First and Eighth Amendments adequately protect Plaintiff from this wrong alleged in his complaint; thus, substantive due process is not an avenue for relief. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."). Plaintiff concedes in his objections that denial of food for a day does not rise to the level of an Eighth Amendment violation. Even construed as a

2

possible First Amendment retaliation claim, Plaintiff's claim fails because he has not alleged that Sebaly's actions were in response to any protected conduct on the part of Plaintiff. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (stating requirements for First Amendment retaliation claims).

Plaintiff further objects to the holding in the R&R that Defendants' use of force by means of spraying a chemical agent was penologically justified in response to Plaintiff earlier squirting Defendant Sebaly with liquid. Plaintiff alleges in his complaint that the administration of chemical agent occurred two hours after the incident involving Defendant Sebaly, and that Plaintiff was compliant and obeyed orders when the response team arrived at his cell. Plaintiff contends that the emergency and need to maintain order had abated when the response team arrived at his cell. As the court noted in *United States v. Budd*, "Controlling an emergency situation and maintaining order are legitimate penological justifications . . . but when safety concerns have abated or an emergency has been dispelled, the justification may disappear." 496 F.3d 517, 531 (6th Cir. 2007).

Where the use of force is a response to a prison disturbance, the court must evaluate whether the force was administered "in a good faith effort to maintain or restore discipline" or "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived

by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley*, 475 U.S. at 321). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. at 567. "That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline." *Whitley*, 475 at 321-22.

Under the "malicious and sadistic" standard *in Whitley*, "[t]he absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Hudson,* 503 U.S. at 7. However, some allegation of injury is required. *See Thaddeus-X*, 175 F.3d at 402 (stating that "the injury sustained by the inmate must be more than de minimis . . . to sustain an Eighth Amendment claim" of excessive force). Regardless of the Eighth Amendment standard that applies, Plaintiff has not sufficiently stated an Eighth Amendment claim. Plaintiff has not alleged a more than *de minimis* injury, or any injury, as a result of the exposure. Exposure to chemical agents used to control prisoners is not, by itself, sufficient to establish an Eighth Amendment claim. *See Jennings v. Mitchell*, No. 03-1922, 93 F. App'x 723, 725 (6th Cir. Mar. 12, 2004) (unpublished) (upholding dismissal of Eighth Amendment claim of prisoner sprayed with pepper spray because plaintiff failed to allege or

show a more than de minimis physical injury); *Thomas v. Greene*, No. 99-3179, 1999 WL 1253102 *2 (6th Cir. Dec. 17, 1999) (table decision) (upholding dismissal of Eighth Amendment claim of prisoner sprayed with pepper spray, in part, because plaintiff failed to allege any physical injury); *White v. Fowler*, No. 88-2216, 881 F.2d 1078 (6th Cir. Aug. 8, 1989) (table decision) (holding that the use of chemical mace on a shackled prisoner in order to restore discipline did not "arise to the level of wantonness in the inflicting of pain to warrant submitting the case to a jury").

Plaintiff's final objection is that Defendant's issuance of a false misconduct charge to justify the use of the chemical spray is unconstitutional, citing *Scott v. Churchill*, 377 F.3d 565 (6th Cir. 2004). However, *Scott* is a case involving retaliation for protected conduct under the First Amendment. Plaintiff, in the instant case, has not stated a First Amendment claim because he has not alleged that any adverse action against him was the result of any protected conduct. *See id.* at 569.

Having conducted the review required by 28 U.S.C. § 636(b)(1), the Court concludes that the R&R correctly states the law in application to the facts of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 5) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 3) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff Jeremy Mosely's complaint (Dkt. No. 1) is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that Plaintiff's outstanding motions (Dkt. Nos. 7, 8, and 9) are **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Dkt. No. 4) is **DISMISSED**.

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

.Dated:     December 11, 2008                    /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE